# United States District Court
# Western District of North Carolina
# Asheville Division

| | |
|---|---|
| Duncan Small, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>City of Asheville and John Doe )<br>Officers 1-3, )<br>)<br>    Defendants. )<br>_____ ) | C O M P L A I N T<br>(Jury Trial Demanded)<br><br>No. _____ |

NOW COMES the Plaintiff, Duncan Small, by and through undersigned counsel, complaining of the Defendants, and alleges as follows;

## INTRODUCTION

This action is brought under 42 U.S.C. §1983 to redress violations of Plaintiff's constitutional rights arising from his unlawful arrest, malicious prosecution, and the suppression of exculpatory evidence by officers of the Asheville Police Department and the City of Asheville. Plaintiff seeks compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1988.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as all relevant events occurred in Asheville, Buncombe County, North Carolina.

## PARTIES

2. Plaintiff Duncan Small is a citizen and resident of Buncombe County, North Carolina.

3. Defendant City of Asheville is a municipal corporation organized under the laws of the State of North Carolina and operates the Asheville Police Department.

4. Defendants John Doe Officers 1–3 are unknown officers of the Asheville Police Department who were involved in the arrest, detention, prosecution, and suppression of evidence in Plaintiff's case. Plaintiff will amend this Complaint to substitute their names once identified through discovery.

## FACTUAL ALLEGATIONS

5. On July 4, 2022, Plaintiff and a friend set off fireworks in Asheville, North Carolina. Shortly thereafter, Plaintiff was arrested by officers of the Asheville Police Department and charged with possession of weapons of mass destruction and other felony charges.

6. Plaintiff was held in solitary confinement without interrogation and was publicly labeled a domestic terrorist by law enforcement officials in statements to the press.

7. On or about July 6, 2022, while still in custody, Plaintiff was additionally charged with cyberstalking—an allegation wholly unsupported by evidence. This charge was ultimately dismissed in full on or about August 15, 2023.

8. However, the charge served as a pretext for significantly extended bond conditions, which remained in effect until the final resolution of the underlying charges.

9. According to Plaintiff's former criminal defense counsel, this cyberstalking charge appeared to be a calculated effort to increase Plaintiff's pretrial hardship and delay his release on bond.

10. In September 2023, remnants of the fireworks were submitted to the ATF for forensic analysis. The resulting lab report—disproving the presence of any explosives—was returned to the Asheville Police Department in May 2024.

11. Despite receiving this exculpatory evidence, the Department withheld it from the District Attorney's Office until September 2024. After disclosure, all remaining felony charges were dismissed shortly thereafter.

12. During this extended prosecution, Plaintiff was subject to electronic monitoring, restricted movement, and was subjected to threats to his life, the safety of his family, and his retained legal counsel.

13. These threats escalated after media outlets amplified the misleading narrative promoted by the police.

13. As a direct and proximate result of this misconduct, Plaintiff has suffered severe emotional distress, reputational damage, loss of liberty, and economic harm.

## COUNT I – FALSE ARREST / UNLAWFUL SEIZURE

14. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

15. Defendants, acting under color of law, violated Plaintiff's Fourth and Fourteenth Amendment rights by arresting him without probable cause and detaining him unlawfully.

16. As a proximate result of these actions and omissions, Plaintiff suffered loss of liberty, emotional distress, economic damages, reputational damage, and other damages.

## COUNT II – MALICIOUS PROSECUTION

17. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18. Defendants initiated and continued criminal proceedings against Plaintiff without probable cause and with malice.

19. Said proceedings terminated in Plaintiff's favor, and Plaintiff suffered injuries including reputational harm, economic damages, emotional distress, and loss of liberty.

**COUNT III – SUPPRESSION OF EXCULPATORY EVIDENCE / BRADY VIOLATION**

20. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

21. Defendants failed to timely disclose material exculpatory evidence, specifically the ATF lab report that undermined the prosecution's case.

22. This failure violated Plaintiff's rights under the Due Process Clause as articulated in *Brady v. Maryland*, 373 U.S. 83 (1963).

23. As a direct and proximate result of these actions and omissions, Plaintiff suffered injuries including reputational harm, economic damages, emotional distress, and loss of liberty.

**COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (NIED)**

24. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

25. Defendants owed Plaintiff a duty of care in executing their law enforcement responsibilities.

26. Defendants breached that duty through negligent acts, including false arrest, improper prosecution, and mishandling of exculpatory evidence.

27. It was foreseeable that these actions would cause Plaintiff emotional harm, and Plaintiff has in fact suffered severe emotional distress as a direct result.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29. Defendants' conduct was extreme and outrageous, including falsely labeling Plaintiff a terrorist, initiating unfounded criminal charges, and suppressing exculpatory evidence.

30. Such conduct was intentional or recklessly indifferent and caused Plaintiff severe emotional distress, mental anguish, and long-term reputational harm.

## COUNT VI – MUNICIPAL LIABILITY UNDER MONELL

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

32. At all relevant times, the City of Asheville, through its Police Department, maintained customs, policies, and/or practices that were the moving force behind the constitutional violations suffered by Plaintiff.

33. These unconstitutional policies and customs include, but are not limited to:

   a. The arrest and charging of individuals without probable cause;

   b. The suppression of exculpatory evidence in violation of established legal duties;

   c. The misuse of ancillary charges (such as cyberstalking) to improperly burden pretrial liberty and prevent bond release;

   d. The failure to adequately train, supervise, and discipline officers with respect to probable cause standards, Brady obligations, and ethical conduct.

34. The City's failure to correct or prevent such conduct amounted to deliberate indifference to the constitutional rights of individuals like Plaintiff, and directly resulted in the violations alleged herein.

35. As a direct and proximate result of these policies and practices, Plaintiff suffered constitutional injury, emotional distress, reputational harm, and other damages compensable under 42 U.S.C. §1983.

**CLAIM FOR PUNITIVE DAMAGES AGAINST INDIVIDUAL DEFENDANTS**

36. Plaintiff further alleges that the conduct of the individual Defendants—specifically their decision to arrest and detain Plaintiff without probable cause, pursue criminal charges without evidentiary basis, and intentionally withhold exculpatory evidence—was willful, wanton, malicious, and carried out with reckless indifference to Plaintiff's federally protected rights.

37. Such conduct shocks the conscience and justifies the imposition of punitive damages under 42 U.S.C. §1983 and applicable North Carolina law.

38. Plaintiff seeks punitive damages against the individual John Doe Defendants to punish them for their misconduct and to deter similar conduct by others in positions of public trust.

**JURY TRIAL DEMAND**

39. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court:

a. Award compensatory damages in an amount to be determined at trial;

b. Award punitive damages against the individual Defendants;

c. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988;

d. Grant a trial by jury on all triable issues; and

e. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of July 2025.

/s/ J. Elliott Field
J. Elliott Field, Esq., PLLC
N.C. Bar No. 21679
216 N. McDowell St., Ste. 100
Charlotte, NC 28204
(704) 334-3747
efieldjd@gmail.com

Attorney for the Plaintiff