UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| DUNCAN SMALL, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CITY OF ASHEVILLE AND )<br>JOHN DOE OFFICERS 1-3, )<br>)<br>Defendants. ) | **Civil Action No. 1:25-CV-00211** |

### DEFENDANTS' MOTION TO DISMISS

NOW COMES Defendants, City of Asheville ("the City") and John Doe Officers 1-3 ("Officers") (in their official capacity and to the extent that they are/were officers employed by the City of Asheville) (collectively "Defendants"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6), and 12(b)(7), North Carolina General Statute § 1-52, and *Heck v. Humphrey*, 512 U.S. 477 (1994), and moves to dismiss the Plaintiff's Complaint with prejudice. In support of this Motion, the City states as follows:

### PROCEDURAL HISTORY

1. Plaintiff's Complaint, filed on July 7, 2025, seeks damages from Defendants under 42 U.S.C. § 1983 based on allegations of violations of Plaintiff's constitutional rights.

2. Defendants' Answer to Plaintiff's complaint was filed with the Court on November 18, 2025, preserving the following defenses and bases for this motion to dismiss.

3. A Motion to Stay the Initial Attorneys Conference was filed by Defendants on December 2, 2025 and granted by U.S. Magistrate Judge W. Carlton Metcalf on December 4, 2025,

with an order that Defendants motion to dismiss and accompanying memorandum be filed on or before December 9, 2025.

4. This Motion to Dismiss is supported by Defendant's Memorandum in Support of Motion to Dismiss as well as 7 exhibits thereto, which are all being filed contemporaneously with this motion on December 8, 2025.

## MOTION TO DISMISS - GROUNDS

5. Plaintiff's Complaint was filed outside of the applicable three-year statute of limitations period for §1983 actions, as prescribed by North Carolina General Statute § 1-52, and therefore should be dismissed for failure to comply with the applicable statute of limitations.

6. Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) due to insufficient service of process under Fed. R. Civ. P. 4, and thus, additionally must be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

7. Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6) because Defendants are immune from suit pursuant to Governmental Immunity and Qualified Immunity.

8. Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction as it is devoid of merit, wholly insubstantial, and obviously frivolous.

9. Plaintiff's Complaint must be dismissed pursuant to 12(b)(6) and (7) as Plaintiff alleges several facts in the Complaint, and incorporated by reference into each claim, that are attributable to parties not named nor joined as Defendants.

10. Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as the claims are barred by the Supreme Court decision in *Heck v. Humphrey* 512 U.S. 477 (1994).

11. In the alternative, should the court find that jurisdiction is proper, service of process is sufficient, and that Plaintiff's claims are not barred by the statute of limitations, applicable immunities, and/or the *Heck* bar, each of Plaintiff's counts in the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief may be granted, as they do not meet the minimum pleading requirements and fail to sufficiently allege necessary elements of the claims.

12. Further, and following the dismissal of each of the claims listed in the Complaint, Plaintiff's claim for punitive damages must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as it fails to state a claim upon which relief may be granted.

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Dismiss, dismiss Plaintiff's Complaint with prejudice, and award such other relief as the Court deems just and proper.

Respectfully submitted this the 8th day of December, 2025.

                                              CITY OF ASHEVILLE
                                              CITY ATTORNEY'S OFFICE

By:    s/ Cydney P. Joyner
         Cydney P. Joyner
         Senior Assistant City Attorney
         N.C. Bar No. 53512
         P.O. Box 7148
         Asheville, NC 28802
         Tele: (828) 259-5616
         cjoyner@ashevillenc.gov

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing *Defendants' Motion to Dismiss* has been duly served by electronically filing via the Electronic Filing System and depositing a copy of the same in the United States mail, postage-prepaid, to the following:

    J. Elliott Field, Esq.
    J. Elliott Field, Attorney-at-Law, PLLC.
    216 N. McDowell St., Ste. 100
    Charlotte, NC 28204

This the 8th day of December, 2025.

                                              /s/ Cydney P. Joyner
                                              Cydney P. Joyner
                                              Senior Assistant City Attorney
                                              City of Asheville