IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-211-MR-WCM

| | | |
|---|---|---|
| DUNCAN SMALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| CITY OF ASHEVILLE, and | ) | |
| JOHN DOE OFFICERS 1-3, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on a Motion to Dismiss (the "Motion," Doc. 8) which has been referred to the undersigned for the entry of a recommendation pursuant to 28 U.S.C. § 636.

## I. Relevant Procedural Background

On July 7, 2025, Duncan Small ("Plaintiff") filed his Complaint in this Court against the City of Asheville (the "City") and John Doe Officers 1 – 3 (the "Officer Defendants"). Doc. 1.

On November 18, 2025, the City filed an Answer on behalf of itself and the Officer Defendants in their official capacities. Doc. 4.

On December 8, 2025, the City "and John Doe Officers 1-3…(in their official capacity and to the extent that they are/were officers employed by the

1

City of Asheville)" filed the instant Motion.[1] The Motion is fully briefed. Docs. 8-1, 10, 12.

## II.  Plaintiff's Allegations and Claims

Plaintiff was arrested on July 4, 2022 by the Asheville Police Department ("APD") after he and a friend "set off fireworks." Doc. 1 at ¶ 5.

Plaintiff was charged with possession of weapons of mass destruction and other felonies. Id.[2]

On July 6, 2022, while still in custody, Plaintiff was also charged with cyberstalking. Id. at ¶ 7.

On August 15, 2023, the cyberstalking charge was dismissed. Id.

In September of 2023, "remnants of the fireworks" were submitted to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for forensic testing. Id. at ¶ 10.

In May of 2024, the ATF lab report, which "disprove[d] the presence of any explosives," was returned to APD. Id.

---

[1] Attached to the Motion are exhibits related to criminal proceeding concerning Defendant in state court. Docs. 8-2 – 8-7. No challenge has been made to their authenticity and they may be considered in connection with the Motion. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (stating that courts may take judicial notice of matters of public record, documents attached to the complaint, and documents attached to the motion to dismiss so long as they are integral to the complaint and authentic).

[2] The City's documents state that Plaintiff was charged with violating a local ordinance that prohibits the discharge of firearms within the city (Doc. 8-2); the common law crime of going armed to the terror of the people (Doc. 8-3); and possession of a weapon of mass destruction, that being an alleged incendiary device (Doc. 8-4).

However, the APD did not provide the ATF lab report to the Buncombe County District Attorney's Office until September of 2024; "all remaining felony charges were dismissed shortly thereafter." Id. at ¶ 11.[3]

Plaintiff contends that while his criminal case was pending, he was subject to electronic monitoring and restricted movement, that threats were made against himself, his family, and his defense attorney, and that he has suffered "severe emotional distress, reputational harm, loss of liberty, and economic harm." Id. at ¶¶ 12, 13.

Plaintiff asserts the following claims: (1) false arrest/unlawful seizure in violation of his Fourth and Fourteenth Amendment rights; (2) malicious prosecution; (3) "suppression of exculpatory evidence/Brady violations" in violation of his "rights under the Due Process Clause;" (4) negligent infliction of emotional distress; (5) intentional infliction of emotional distress; and (6) municipal liability under Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Id. at ¶¶ 14-35.

---

[3] The City's documents indicate that Plaintiff was indicted on March 6, 2023 for possession of a weapon of mass destruction, that on September 9, 2024 he was charged in a Bill of Information with misdemeanor unlawful possession/use of a pyrotechnic device, and, on the same day, pled guilty to the pyrotechnic device charge and the common law misdemeanor of going armed to the terror of the people. Docs. 8-4, 8-5, 8-6.

## III. Legal Standards

### A. Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) provides that a court may dismiss an action for insufficient service of process. See Hyman v. City of Gastonia, 466 F.3d 284, 286 (4th Cir. 2006). "Once the defendant challenges service, [t]he plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure." Honeycutt v. United States Postal Service, No. 3:20-CV-00449-MOC-DCK, 2021 WL 3009017, at *1 (W.D.N.C. July 15, 2021) (internal quotation marks and citation omitted). "If a defendant is not served within 90 days after the complaint is filed," then Rule 4(m) requires the Court to "dismiss the action without prejudice ... or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998) (citing Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984)).

### B. Rule 12(b)(6)

When considering a motion made pursuant to Rule 12(b)(6), the court accepts the allegations in the complaint as true and construes them in the light most favorable to the claimant. See Nemet Chevrolet, Ltd. v.

4

Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint (or counterclaim) must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility" when the claimant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## IV. Discussion[4]

### A. Claims Against the Officer Defendants in Their Official Capacities

Plaintiff's Complaint does not indicate whether the Officer Defendants have been named in their official capacities. But to the extent Plaintiff has attempted to name the Officer Defendants in their official capacities, those claims are duplicative of his claims against the City and therefore are subject to dismissal. See Talley v. City of Charlotte, No. 3:14-CV-00683-MOC-DCK, 2016 WL 8679235, at *13 (W.D.N.C. July 22, 2016) ("The court recognizes that official capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' Therefore, in a suit where the plaintiff asserts a claim against a government entity, a suit against those individuals working in their official capacity for this government entity is redundant.") (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)

---

[4] In its briefing, the City raises numerous arguments: 1) that Plaintiff's Complaint is barred by the statute of limitations; 2) that Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) due to insufficient service of process and for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); 3) that Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6) because Defendants are entitled to governmental immunity and qualified immunity; 4) that Plaintiff's Complaint must be dismissed due to lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) as the Complaint is "devoid of merit, wholly insubstantial, and obviously frivolous"; 5) that Plaintiff alleges several facts in the Complaint that are attributable to parties not named as Defendants; 6) that Plaintiff's claims are barred by the Supreme Court decision in Heck v. Humphrey; 7) that each of Plaintiff's counts in the Complaint must be dismissed for failing to state a claim upon which relief may be granted; and 8) that Plaintiff's claim for punitive damages must be dismissed. Except as discussed below, the undersigned has not reached all of these arguments.

(internal quotation omitted)); <u>see also</u> <u>Wright v. Town of Zebulon</u>, 202 N.C. App. 540, 543-44 (2010) (holding that the trial court properly dismissed claims against police officers in their official capacities where suit was also brought against the town that employed them); <u>Owen v. Goodwin</u>, No. 1:21-cv-00217-MR-WCM, 2023 WL 6446204, at *4 (W.D.N.C. Sept. 29, 2023) ("As an initial matter, Defendants Goodwin, Hawkins, Tipton, and Newell are entitled to summary judgment in their favor for all claims brought against them in their official capacities. These claims are duplicative of the claims against the governmental employer … and should be dismissed."); <u>Armstrong v. City of Greensboro</u>, No. 1:15CV282, 2016 WL 3167178, at *8 (M.D.N.C. June 6, 2016) ("Thus, duplicative claims against an individual in his official capacity when the government entity is also sued may be dismissed.") (collecting cases).

### B. Claims Against the Officer Defendants in Their Individual Capacities

Plaintiff's Complaint likewise does not state expressly whether the Officer Defendants have been named in their individual capacities. However, the fact that Plaintiff is seeking punitive and compensatory damages from the Officer Defendants, <u>see</u> Doc. 1 at ¶¶ 36-38 and at p. 6, suggests that he is attempting to assert claims against them in their individual capacities. <u>See</u> <u>Biggs v. Meadows</u>, 66 F.3d 56, 61 (4th Cir. 1995) ("Another indication that suit has been brought against a state actor personally may be a plaintiff's request

7

for compensatory or punitive damages, since such relief is unavailable in official capacity suits."); cf. Combs v. Ashe County, No. 5:14-CV-136, 2016 WL 3625551, at *8 (W.D.N.C. July 6, 2016) ("Plaintiff's request for damages indicates that he is bringing individual capacity claims. Accordingly, the Court declines to find that Ashe County is the only real party in interest and therefore will analyze the individual capacity claims.").

But, nothing in the record indicates that Plaintiff has made any attempt to identify the Officer Defendants specifically or to serve them, in their individual capacities, with process. See Vazquez v. Trantham, No. 1:23-cv-00111-MR-WCM, 2023 WL 6217748, at *1 (W.D.N.C. Sept. 25, 2023) ("Here, the Plaintiff purports to have served the John Doe Defendants by leaving a copy of the complaint and summons with the Jackson County Sheriff. However, because these John Does have never been identified, the Sheriff could not have known on whose behalf he was accepting service or whether he was even authorized to accept such service. As such, the Plaintiff's attempts at service on these Defendants were not effective.") (internal citations omitted).

### C. Claims Against the City

#### 1. Sufficiency of Process

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action

> without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, Plaintiff filed his Complaint on July 7, 2025 and a summons was issued for the City on October 7, 2025. Docs. 1, 2.

On January 6, 2026, Plaintiff's counsel filed a "Declaration of Service of Process" (Doc. 11) stating that, on October 29, 2025, he sent a copy of the Summons and Complaint, via U.S. Certified Mail, Electronic Return Receipt Requested, to the City in care of the mayor at a post office box.[5]

The City contends that Plaintiff cannot show good cause for failing to attempt service upon the City within the required 90-day period after the Complaint was filed and that, "even if service were timely effected, it is still insufficient under both the Federal and North Carolina Rules of Civil Procedure…." Doc. 8-1 at 5.

With respect to the time period for service, on November 12, 2025, the Court ordered Plaintiff to show cause within 14 days why his claims should not be dismissed for failure to effect service of the Summons and Complaint on Defendants (the "Show Cause Order," Doc. 3). The City filed its Answer to

---

[5] It is not clear when the documents were actually received by the City.

Plaintiff's Complaint on November 18, 2025 and the Court discharged the Show Cause Order the same day.

Under these circumstances, the undersigned is not persuaded that the Complaint should be dismissed based on Plaintiff's delay in attempting to serve the City.

Whether Plaintiff's service on the City was effective, however, is a different question. Rule 4(j)(2)(B) of the Federal Rules of Civil Procedure provides that a municipal corporation may be served "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." North Carolina law, in turn, provides that service of process on a city or town may be effected by

> personally delivering a copy of the summons and of the complaint to its mayor, city manager or clerk; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to its mayor, city manager or clerk; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the mayor, city manager, or clerk, delivering to the addressee, and obtaining a delivery receipt.
>
> N.C. Gen. Stat. Ann. 1A-1, 4(j)(5).

In this case, the City contends that service on the City was defective because "the Complaint and Summons were not personally served on the City,

10

the Mayor, nor was it served properly by mail as it was sent to a P.O. Box." Doc. 8-1 at 5.

However, the City provides no authority holding that, under North Carolina law, mailing a summons and complaint by certified mail, return receipt requested, to a post office box is ineffective.

Further, the City did receive notice of the suit, timely filed an Answer, and is actively litigating the case. See Murphy v. Cleveland County, No. 1:21-cv-5-MOC-DSC, 2021 WL 3824684, at *4-5 (W.D.N.C. Aug. 26, 2021) (denying a motion to dismiss on insufficient service of process grounds where a *pro se* plaintiff attempted to serve the county attorney rather than the county manager and reasoning that "the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit" and that where "'there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process'") (citing Karlsson v. Rabinowitz, 318 F.2d 666, 668-69 (4th Cir. 1963); quoting Armco, 733 F.2d at 1089)); Wilson v. City of Jacksonville, N.C., 682 F. Supp.3d 481, 485 (E.D.N.C. 2023) ("'When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction' and 'every technical violation of the rule of failure of strict compliance may not invalidate the service of process.'") (quoting Armco, 733 F.2d at 1089).

## 2. Plaintiff's Federal Claims

Plaintiff's Complaint, broadly read, asserts claims for various alleged violations of Plaintiff's constitutional rights. Plaintiff appears to assert each federal claim against all Defendants, with the exception of Plaintiff's <u>Monell</u> claim, which is brought only against the City.

But "[m]unicipal liability under 42 U.S.C. § 1983 is limited" and "a municipality is responsible under Section 1983 only for constitutional violations caused by its own policies or practices, not for the isolated misconduct of individual employees." <u>Mullen v. Town of Sunset Beach, N.C.</u>, 175 F.4th 466, 472 (4th Cir. 2026). "Thus, municipal liability arises only when the alleged constitutional injury results from an official policy, custom, or practice attributable to the municipality itself." <u>Id</u>.

A policy or custom sufficient to support municipal liability can be created in various ways, including "through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens....'" <u>Starbuck v. Williamsburg James City Cnty. Sch. Bd.</u>, 28 F.4th 529, 533 (4th Cir. 2022) (quoting <u>Lytle v. Doyle</u>, 326 F.3d 463, 471 (4th Cir. 2003); citing <u>Los Angeles Cnty. v. Humphries</u>, 562 U.S. 29, 36 (2010)).

Here, Plaintiff alleges that the City failed "to adequately train, supervise, and discipline officers with respect to probable cause standards, Brady obligations, and ethical conduct" and that the City's "failure to correct

12

or prevent such conduct amounted to deliberate indifference to the constitutional rights of individuals like Plaintiff…." Doc. 1 at ¶¶ 33(d), 34; see also Doc 10 at 3-4.

However, "[d]eliberate indifference is a demanding standard." Mullen, 175 F.4th at 472 (citing Owens v. Baltimore City State's Atty's Off., 767 F.3d 379, 402 (4th Cir. 2014)). "It requires proof that municipal policymakers (1) knew or should have known that their failure to act was likely to result in constitutional injury, and (2) disregarded that risk." Id. (citing Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)). "Isolated instances of unconstitutional conduct by municipal employees" are not enough; a plaintiff must show "a pattern of 'persistent and widespread' similar constitutional violations sufficient to place policymakers on notice that their failure to adopt appropriate policies or training would likely result in constitutional injury." Id. at 473 (quoting Owens, 767 F.3d at 402-03); see also Semple v. City of Moundsville, 195 F.3d 708, 713 (4th Cir. 1999) ("a plaintiff must point to a specific deficiency and not a general ineffectiveness of the training") (citing Spell v. McDaniel, 824 F.2d 1380, 1390 (4th Cir. 1987)).

In this case, Plaintiff fails to allege any pattern of persistent and widespread constitutional violations. Similarly, Plaintiff does not point to any specific deficiencies in training that led to the alleged constitutional violations. Even viewed in the light most favorable to Plaintiff, Plaintiff's allegations lack

13

sufficient reference to facts to support a <u>Monell</u> claim against the City. <u>See</u> <u>Reid v. Town of Dallas</u>, No. 3:23-cv-00146-RJC-SCR, 2024 WL 4472362, at *9 (W.D.N.C. Aug. 12, 2024) (granting a motion to dismiss a <u>Monell</u> claim where the "Complaint fails to provide any specific, rather than conclusory allegations, as to training or other deficiencies. It also does not otherwise point to any pattern of prior similar instances or any other actual or constructive notice demonstrating a pattern of constitutional violations while enforcing the policy. Moreover, as to all theories of Town policy, Plaintiff's Complaint hinges on facts related to a single incident without any particulars on the any pattern, training program, facts supporting deliberate indifference, or a final policymaker."); <u>Das v. Mecklenburg Cnty. Sheriff Office/Dep't</u>, No. 3:22-CV-00561-FDW-DCK, 2023 WL 7116849, at *6 (W.D.N.C. Oct. 27, 2023) (granting a motion to dismiss a <u>Monell</u> claim because "[w]ithout alleging a pattern of constitutional violation, Plaintiff has not met the deliberate indifference standard required to support a claim of inadequate training or supervision"); <u>cf.</u> <u>Williams v. City of Raleigh</u>, No. 5:24-CV-173-D, 2025 WL 663094, at *6 (E.D.N.C. Feb. 28, 2025) (denying a motion to dismiss a <u>Monell</u> claim premised on a failure to train theory where the plaintiff alleged "latent deficiencies in Raleigh's use of force policy," "that Raleigh knew of past accusations of excessive force against [a training officer] and still allowed him to train other officers," "that [two defendant officers] lacked sufficient training hours

14

regarding tasers," and that "Raleigh knew of training deficiencies but failed to remediate them"); <u>see also</u> <u>Puranda v. City of Charlotte</u>, No. 3:23-CV-00864-RJC-SCR, 2024 WL 4472364, at *6 (W.D.N.C. Sept. 10, 2024), report and recommendation adopted, No. 3:23-CV-00864-RJC-SCR, 2024 WL 4345782 (W.D.N.C. Sept. 30, 2024) ("Mere negligence is insufficient to impose section 1983 liability on a municipality for alleged failure to train.") (quoting <u>S.F. v. Union Cnty. Bd. of Educ.</u>, No. 3:23-CV-00139-FDW-DCK, 2024 WL 1316229, at *7 (W.D.N.C. Mar. 27, 2024)).

### 3. Plaintiff's State Law Claims

Finally, Plaintiff's Complaint asserts state law claims against the City for malicious prosecution, negligent infliction of emotional distress, and intentional infliction of emotional distress. The City contends that these claims are barred by the doctrine of governmental immunity. <u>See</u> Doc. 8-1 at 6.

In North Carolina, the general rule is that a "municipality is immune from torts committed by an employee carrying out a governmental function. Law enforcement operations are clearly governmental activities for which a municipality is generally immune." <u>Hart v. Brienza</u>, 246 N.C. App. 426, 433 (2016) (quoting <u>Turner v. City of Greenville</u>, 197 N.C. App. 562, 565-66 (2009)). "A municipality may, however, waive its governmental immunity to the extent it has purchased liability insurance." <u>Id</u>.; <u>see also</u> N.C. Gen. Stat. Ann. § 160A-

15

485(a) ("Any city is authorized to waive its immunity from civil liability in tort by the act of purchasing liability insurance.").

Here, Plaintiff has not responded to the City's argument regarding its immunity, see Doc. 10, and the Complaint includes no allegations regarding the waiver of the City's immunity. See Quarles v. Weeks, No. 1:16cv304, 2017 WL 9513018, at *7 (W.D.N.C. July 6, 2017), report and recommendation adopted, No. 1:16-CV-00304-MR-DLH, 2017 WL 4326351 (W.D.N.C. Sept. 29, 2017) ("The Amended Complaint, however, fails to allege facts establishing that Forest City waived its immunity by purchasing liability insurance. Because Plaintiff has failed to allege facts establishing a waiver of immunity, the malicious prosecution claim asserted against Defendant Weeks in his official capacity as a police officer with the Forest City Police Department is subject to dismissal.").

## V.    Recommendation

For the reasons set forth herein, the undersigned **RESPECTFULLY RECOMMENDS** that:

(1) The Motion to Dismiss (Doc. 8) be **GRANTED** and that the claims against the City and the Officer Defendants in their official capacities be **DISMISSED**.

(2) Plaintiff be **DIRECTED TO SHOW CAUSE** why his claims against the Officer Defendants, in their individual capacities, should not be dismissed for failure to effect service on those parties.

Signed: July 23, 2026

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).