**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:25-cv-00211-MR-WCM**

| | | |
|---|---|---|
| **DUNCAN SMALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **CITY OF ASHEVILLE and JOHN DOE OFFICERS 1-3,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 8]; the Magistrate Judge's Memorandum and Recommendation [Doc. 13] regarding the disposition of the Motion to Dismiss; the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 15]; and the Plaintiff's Motion to Amend/Correct Complaint [Doc. 16].

## I. PROCEDURAL BACKGROUND

On July 7, 2025, the Plaintiff Duncan Small initiated this action against the Defendants City of Asheville (the "City") and John Doe Officers 1-3 (the "Officer Defendants") (collectively, the "Defendants"), arising out of the Plaintiff's arrest on July 4, 2022 and asserting the following claims: (1) false

arrest/unlawful seizure in violation of the Fourth and Fourteenth Amendments; (2) malicious prosecution; (3) suppression of exculpatory evidence in violation of the Due Process Clause; (4) negligent infliction of emotional distress; (5) intentional infliction of emotional distress; and (6) municipal liability under 42 U.S.C. § 1983. [Doc. 1].

On October 7, 2025, a summons was issued for the City. [Doc. 2]. On November 12, 2025, the Court ordered the Plaintiff to "show good cause within fourteen (14) days of service of this Order for the failure to effect service on the Defendants" (the "Show Cause Order"). [Doc. 3 at 2]. On November 18, 2025, the City and the Officer Defendants in their official capacities[1] filed their Answer to the Plaintiff's Complaint [Doc. 4], and the Court discharged the Show Cause Order [Text-Only Order entered November 18, 2025]. In their Answer, the Defendants affirmatively asserted insufficient service of process. [Doc. 4 at 7].

On December 8, 2025, the Defendants moved to dismiss the Plaintiff's claims. [Doc. 8]. In their Motion to Dismiss, the Defendants asserted numerous grounds for dismissal, including insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure and failure to

---

[1] The Answer was filed on behalf of the City and the Officer Defendants only in their official capacities. [See Doc. 4 at 1]. No appearance has been made on behalf of the Officer Defendants in their individual capacities.

state a claim upon which relief may be granted under Rule 12(b)(6).[2] [Id.]. On January 5, 2026, the Plaintiff filed a Response in Opposition to the Motion to Dismiss. [Doc. 10]. On January 6, 2026, the Plaintiff's counsel filed an Affidavit of Service stating that, on October 29, 2025, he served a copy of the Summons and Complaint on the City via U.S. Certified Mail, Electronic Return Receipt Requested. [Doc. 11].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' Motion to Dismiss and to submit a recommendation for its disposition. On July 23, 2026, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Defendants' motion be granted and that the claims against the City and the Officer Defendants in their official capacities be dismissed. [Doc. 13]. The Magistrate Judge also recommended that the "Plaintiff be directed to show cause why his claims against the Officer Defendants, in their individual capacities, should not be dismissed for failure to effect service on those parties." [Id.]. The parties were advised that any

[2] In their Motion to Dismiss, the Defendants also asserted the following grounds for dismissal: (1) the claims are barred by the statute of limitations; (2) the Defendants have governmental immunity and qualified immunity; (3) subject matter jurisdiction does not lie because the Complaint is "devoid of merit, wholly insubstantial, and obviously frivolous;" (4) the Complaint failed to join a party; and (5) the claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). [Doc. 8].

objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.].

On August 20, 2026, after receiving an extension of time, the Plaintiff filed his Objections. [Doc. 15]. Eleven days later, on August 31, 2026, the Plaintiff filed a Motion to Amend/Correct Complaint, seeking to file a proposed Amended Complaint to cure the deficiencies identified in the Memorandum and Recommendation, to voluntarily dismiss John Doe Officers 2-3, and to substitute officer "J. Skelson" in his individual capacity for John Doe Officer 1, and for additional time to serve a copy of the Summons and Complaint on officer "J. Skelson." [Doc. 16]. The Plaintiff's Objections and Motion to Amend/Correct Complaint have been fully briefed, and these matters are now ripe for disposition. [Docs. 15, 16, 17, 18, 19].

## II. STANDARDS OF REVIEW

### A. Magistrate Judge's Memorandum and Recommendation

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for

the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). Thus, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Nevertheless, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

**B. Motion to Amend**

Rule 15(a)(1) of the Federal Rules of Civil Procedure states that, "[a] party may amend its pleadings once as a matter of course" within 21 days after service of an answer or Rule 12(b) motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) further states that, after the time period set forth in Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that leave to amend shall be freely given "when justice so requires." Id. Therefore, absent a showing of undue delay, bad faith or dilatory motive, futility, or undue prejudice to the opposing party, a Court should grant a party's leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

### A. Claims against the City

In its Memorandum and Recommendation, the Magistrate Judge recommended dismissal of the Plaintiff's claims against the City. Regarding the Plaintiff's federal law claims, the Magistrate Judge concluded that the Plaintiff failed to sufficiently allege municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). [Doc. 13 at 12-15]. Regarding the Plaintiff's state law claims, the Magistrate Judge concluded that the Plaintiff failed to allege that the City waived its governmental immunity by purchasing liability insurance. [Id. at 16].

In his Objections, the Plaintiff argues that his proposed Amended Complaint will cure the deficiencies identified by the Magistrate Judge.[3] [Doc. 15 at 4, 8]. In that motion to amend, the Plaintiff seeks to add additional allegations to support his Monell liability claim and that the City waived its governmental immunity. [Doc. 16 at 2; see Doc. 16-1]. The Defendants oppose the Plaintiff's objections and proposed amendment, arguing that the

[3] The Plaintiff also asserts that he had previously requested leave to amend in the alternative in his Motion in Opposition to the Defendants' Motion to Dismiss. [Doc. 15 at 6 (citing Doc. 10 at 6)]. This Court's Local Rules clearly state, however, that motions are not to be included in responsive briefs and that each motion must be set forth in a separately filed pleading. LCvR 7.1(c)(2). The Plaintiff's request, contained in the Conclusion section of his responsive brief, was therefore not proper, and the Magistrate Judge did not err by not addressing it.

Plaintiff is dilatory in seeking an amendment, resulting in undue delay, by now adding allegations about publicly available police department policies and City liability insurance. [Doc. 17 at 3; Doc. 18 at 3-4, 9-11]. The Defendants also assert that the amendment would be futile because the Monell liability claim is still deficient and there are other grounds for dismissal, as discussed in their Motion to Dismiss. [Doc. 17 at 3; Doc. 18 at 9-12].

As the Plaintiff moved to amend a pleading before trial but after the 21-day period following service of the Defendants' Motion to Dismiss, the Court may deny leave to amend when there is undue delay, bad faith or dilatory motive, futility, or undue prejudice to the opposing party. See Foman v. Davis, 371 U.S. at 182. Here, the Plaintiff's Objections and subsequent attempt to amend the Complaint are improper and would cause undue delay.

The Plaintiff had twenty-one days from the filing of the Defendants' Motion to Dismiss to file an amended complaint as of right and to address any deficiencies identified by the Defendants in their motion. See Fed. R. Civ. P. 15(a)(1)(B). Despite having the unilateral right to do so, the Plaintiff failed to amend his Complaint within the time required. Having failed to amend his Complaint and to address the deficiencies identified by the Defendants, the Plaintiff left the Court with no option but to address the

Defendants' motion on its merits. In doing so, the Magistrate Judge engaged in a thorough analysis of the Plaintiff's claims and the factual allegations made in support thereof. The Plaintiff cannot now attempt to circumvent the Magistrate Judge's recommendation by seeking to amend his Complaint. See Kotsias v. CMC II, LLC, No. 1:15-CV-00242-MR-DLH, 2016 WL 7384594, at *1 (W.D.N.C. Dec. 20, 2016); Bailey v. Polk County, No. 1:10-CV-00264, 2011 WL 4565449, at *4 (W.D.N.C. Sept. 29, 2011). Allowing the amendment would reduce the Magistrate Judge's Memorandum and Recommendation to nothing more than an advisory opinion to assist the parties through the pleading stage, which has jurisdictional implications. Accordingly, the Plaintiff's Objections are overruled and his Motion to Amend/Correct Complaint regarding his claims against the City is denied.

### B. Claims against the Officer Defendants

In its Memorandum and Recommendation, the Magistrate Judge found that "nothing in the record indicates that Plaintiff has made any attempt to identify the Officer Defendants specifically or to serve them, in their individual capacities, with process." [Doc. 13 at 8]. Accordingly, the Magistrate Judge recommended that the "Plaintiff be directed to show cause why his claims

against the Officer Defendants, in their individual capacities, should not be dismissed for failure to effect service on those parties."[4] [Id. at 17].

In his Objections and subsequent Motion to Amend/Correct Complaint, the Plaintiff preemptively responds to the Magistrate Judge's recommendation, requesting that the Court grant his motion to substitute the arresting officer, "J. Skelson," in his individual capacity, for John Doe Officer 1; and give the Plaintiff forty-five (45) days to serve a copy of the Summons and Complaint on officer "J. Skelson." [Doc. 15 at 13; Doc. 16 at 3]. Regarding amendment, the Plaintiff asserts that he is not attempting to prolong the litigation, that he is requesting the amendment in good faith, and that such amendment does not unfairly prejudice the Defendant. [Doc. 15 at 10; Doc. 16 at 3]. Regarding service, the Plaintiff does not propound any argument that he had "good cause" under Rule 4(m)[5] for his continuous failure to serve the Officer Defendants; instead, the Plaintiff asserts that "the

[4] The Plaintiff does not object to the Magistrate Judge's recommendation to dismiss the claims against the Officer Defendants in their official capacities as duplicative of claims against the City. [Doc. 15 at 3]. The Court finds that the Magistrate Judge's conclusion in this regard is correct and consistent with current case law.

[5] Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Court retains discretion to extend the service period even when a plaintiff has not established traditional good cause," and requests that the Court exercise that discretion here. [Doc. 15 at 12-13; see Doc. 16 at 3]. The Plaintiff further asserts that if the Court exercises its discretion to permit service, it need not determine whether the proposed amendment would relate back to the date of the original Complaint under Rule 15(c)(1)(C) to remain within the statute of limitations.[6] [Doc. 19 at 2].

The Defendants oppose the Plaintiff's objections and proposed amendment, arguing that the Plaintiff has been dilatory in seeking such amendment, resulting in undue delay, by now adding officer "J. Skelson" as a defendant even though the Plaintiff's own publicly available charging documents have listed the arresting officer since July 5, 2022. [Doc. 17 at 3; Doc. 18 at 3-4]. The Defendants also assert that the amendment would be futile because the proposed amendment would not relate back to the date of the original Complaint such that it would be outside the applicable statute

[6] Rule 15(c)(1)(C) provides that an amendment that changes the party against whom a claim is asserted "relates back to the date of the original pleading" if (1) the claim in both the original and amended complaint arise out of the same occurrence; and "within the period provided by Rule 4(m)," (2) the party to be brought in by the amendment "received such notice of the action that it will not be prejudiced in defending on the merits;" and (3) that party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

of limitations, and there are other grounds for dismissal, as discussed in their Motion to Dismiss. [Doc. 17 at 3; Doc. 18 at 4-8, 11-12].

Ordinarily, the substitution of a named defendant for a Doe defendant would be granted as a matter of course. However, the Plaintiff has been dilatory in presenting this amendment. The Plaintiff had been warned three times of his failure to identify and serve the Officer Defendants: (1) the Court's Show Cause Order on November 12, 2025 after the 90-day service period elapsed; (2) the Defendants' Answer on November 18, 2025 raised the Plaintiff's failure to serve the Officer Defendants; and (3) the Defendants' Motion to Dismiss on December 8, 2025 raised the same. The Plaintiff, however, "does not dispute that, before the M&R, the John Doe defendants were neither specifically identified nor individually served." [Doc. 15 at 9].

The Plaintiff also fails to show any attempt to previously identify and serve the Officer Defendants. The Plaintiff did not seek early discovery to identify the Officer Defendants after the City made an appearance in this case. In his response to the Defendants' Motion to Dismiss asserting failure to serve the Officer Defendants, the Plaintiff wholly ignored the Officer Defendants, stating that "[s]ervice was made via Certified Mail to the City of Asheville." [Doc. 10 at 5]. The following day, the Plaintiff filed an Affidavit of Service regarding only service on the City. [Doc. 11]. Additionally, despite

having access to the publicly available charging documents which have listed the arresting officer since July 5, 2022, the Plaintiff failed to identify and serve that officer prior to the issuance of the Magistrate Judge's Memorandum and Recommendation (more than four years later). The Plaintiff further acknowledged that "[a]lthough the City's motion [to dismiss'] exhibits later identified J. Skelson as the arresting officer," and he had a unilateral right to amend the Complaint within twenty-one days, he "did not promptly seek amendment and individual service." [Doc. 15 at 10].

Now—ten months later and after repeated warnings, no independent effort to identify and serve the Officer Defendants, and resolution of the Defendants' Motion to Dismiss—the Plaintiff seeks to substitute officer "J. Skelson" and to reopen the Rule 4(m) period for service. Because the Plaintiff's attempt to amend is dilatory and allowing the amendment would cause undue delay, the Plaintiff's request will be denied.

Further, the Plaintiff's proposed amendment regarding "J. Skelson" would be futile because it contains only conclusory allegations without any factual support. [See Doc. 16-1]. The proposed Amended Complaint's only factual allegations regarding officer "J. Skelson" are that he is identified in the charging orders as the arresting and charging officer and that he "arrested and took part in the prosecution of Plaintiff without probable cause."

[Id. at 2]. Most of the Plaintiff's factual allegations relate to his confinement and bond conditions, circumstances over which officer "J. Skelson" had no control. [Id. at 6, 8, 12]. In stating his claims, the Plaintiff conclusively asserts that the "Defendants" "arrest[ed] him without probable cause," "initiated and continued criminal proceedings against Plaintiff without probable cause and with malice," "failed to timely disclose material exculpatory evidence," negligently breached a duty of care owed to the Plaintiff, and engaged in "extreme and outrageous" conduct that "caused Plaintiff severe emotional distress." [Id. at 3-5]. Viewing the proposed Amended Complaint in the light most favorable to the Plaintiff, the Plaintiff's claims against officer "J. Skelson" fail to state a claim and thus are deficient under Rule 12(b)(6). Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (holding that court is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement.").

Accordingly, the Plaintiff's Objections are overruled and his Motion to Amend/Correct Complaint to substitute officer "J. Skelson" is denied. Because the Court denies the Plaintiff's motion to amend, the Court need not address whether the Rule 4(m) period for service may be reopened or whether the amendment would relate back for statute of limitations purposes.

## IV. CONCLUSION

After careful consideration of the Memorandum and Recommendation and the Plaintiff's Objections thereto, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court overrules the Plaintiff's Objections and accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss be granted.[7]

The Court further concludes that the Plaintiff's Motion to Amend/Correct Complaint is dilatory and futile. Accordingly, the Court hereby denies the Plaintiff's motion, and the Defendants' Motion to Dismiss is granted in its entirety.

**<u>O R D E R</u>**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation [Docs. 15] are **OVERRULED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 13] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Amend/Correct Complaint [Doc. 16] is **DENIED**.

[7] The Magistrate Judge's Memorandum and Recommendation is moot, however, as to directing the Plaintiff to show cause because the Plaintiff preemptively responded in its Objections and Motion to Amend/Correct Complaint.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss [Doc. 8] is **GRANTED**, and the Plaintiff's claims against the Defendants are hereby **DISMISSED WITH PREJUDICE.**

A Judgment consistent with the Memorandum of Decision and Order shall be entered contemporaneously herewith.

The Clerk is respectfully requested to close this civil case.

**IT IS SO ORDERED.**

Signed: November 9, 2026

Martin Reidinger
Chief United States District Judge